UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALFRED POLANCO,

                Plaintiff,

    v.

HIMALAYAN REAL ESTATE LLC; WELLS
FARGO BANK, N.A.; WILLIAM DRISCOLL;
and KENNETH B. MOCK,

                Defendants.

**MEMORANDUM & ORDER**
25-CV-6939 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Alfred Polanco, proceeding *pro se*, brings this action against Defendants Himalayan Real Estate LLC ("Himalayan"), Wells Fargo Bank, N.A. ("Wells Fargo"), William Driscoll ("Driscoll"), and Kenneth B. Mock ("Mock") alleging constitutional and property-related violations arising out of a prior foreclosure proceeding. *See* ECF No. 1 (the "Complaint").[1]  His application to proceed *in forma pauperis* ("IFP"), ECF No. 2, is granted pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order.[2]

For the reasons that follow, Plaintiff's complaint is DISMISSED.

---

[1]    Unless otherwise indicated, when quoting cases and Plaintiff's papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]    Plaintiff's IFP application is implausible, as it claims no income and just $100 in assets, yet asserts monthly expenses totaling more than $5,000. *See* ECF No. 2.

**BACKGROUND**[3]

Plaintiff alleges that he was injured at 10:35 a.m. on November 26, 2013, at 88-11 Sutphin Boulevard in Jamaica, New York. *See* ECF No. 1 at 4. However, the nature of the injury is not clear. Plaintiff first asserts that "[o]n November 26, 2013, by Alfred Polanco in favor of WELLS FARGO BANK, N.A., as nominee for Secured Party Eliud Polanco, to secure payment of the principal sum of $900,090.00 on the property herein a judgment of foreclosure and sale was entered on [December 28, 2017] which was discharged by the IRS." *Id.* at 5. Plaintiff further states: "[o]n September 23, 2021, William Driscoll Esq., Referee, transferred the property via ('a mortgage called a Referee's Deed') to purchaser HIMALAYAN REAL ESTATE LLC & MINAMAR TSERING." *Id.* Plaintiff goes on to allege that an unidentified "Petitioner" "commenced a jurisdictionally barred holdover action," which "Respondent now moves to dismiss." *Id.* He also claims that "Defendants acted out of racial animus in denying Plaintiff his federal protected rights and intentionally subjected him to repeated conspiratorial pretexts for arrests for the exercise of his rights." *Id.* He does not specify the "Defendants" or provide the dates or any other information about the alleged arrests.

Plaintiff also incorporates an Exhibit A, which consists of a series of pronouncements related to public officials, the Fair Debt Collection Practices Act, the International Monetary Fund, sovereign immunity, the Administrative Procedure Act, foreign service of process, and other concepts, without explaining what relevance they have to this action. *Id.* at 6-15.

---

[3]   The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Plaintiff filed the Complaint on December 30, 2025. *See* ECF No. 1. The Complaint names Driscoll, Mock, Himalayan, and Wells Fargo as Defendants. *Id.* at 1–3.[4] In a document attached to the Complaint, titled "Complaint and Request for Injunction," Plaintiff names Minimar Tsering ("Minamar") as an additional Defendant. *See id.* at 17–22. Plaintiff indicates that all Defendants hold the title of "Trustee/Debtor." *Id.* at 1–2, 18.

Plaintiff asserts federal question jurisdiction for his claims of civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. ECF No. 1 at 3, 5. He also asserts diversity jurisdiction for the property-related claims. *Id.* at 19. Plaintiff's claim for relief seeks "Full and Clear title of Deed" and "fines" of $100,000,000 from each corporate Defendant and $1,000,000 "per agent." *Id.* at 5.

The Court has consulted the New York State Court Electronic Filing System and understands a foreclosure action was brought against Eliud Polanco in Queens County (the "Foreclosure Action"). *See Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Greenpoint MTA Trust 2005-AR2, Mortgage Pass-Through Certificates, Series 2005-AR2 v. Eliud Polanco et al.*, Index No. 705513/2023 (Sup. Ct. Queens Cnty. 2013).[5] The Foreclosure Action commenced on November 26, 2013, and Judgment of Foreclosure and Sale of the property located at 60-22 80th Avenue, Glendale,[6] NY 11385 (the

---

[4]    Although the Complaint names Kenneth B. Mock as a Defendant, Plaintiff does not assert any claims against him. *See* ECF No. 1.

[5]    The Court may take judicial notice of a state court docket because it is a public record. *See Tannerite Sports LLC v. NBC Universal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d. Cir. 2002)); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[6]    The Judgment of Foreclosure and Sale listed the full address as "60-22 80th Avenue[,] Ridgewood, NY 11385 A/K/A 60-22 80th Avenue[,] Glendale, NY 11385[.]"

"Property") was entered on December 28, 2017.  *Id.*  The filing does not name Plaintiff as a defendant in the Foreclosure Action.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  And while "detailed factual allegations are not required," *Twombly*, 550 U.S. at 678, "[i]t is not enough to say that the defendant harmed me; the claim must include factual details that, if true, would show that the defendant broke the law" and is responsible for the harm to the plaintiff, *Ramjas v. Wilknowski*, No. 25-cv-3289, 2025 WL 1787168, at *1 (E.D.N.Y. June 27, 2025) (quoting *Iqbal*, 556 U.S. at 678).

In reviewing a *pro se* complaint, courts must apply "less stringent standards" than they apply to "formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action:  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action.  If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3) *accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  But "simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002).  There is no subject matter jurisdiction if "the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010).  And "[w]here a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and a federal court lacks jurisdiction to entertain the plaintiff's claims." *Spitz v. Caine & Weiner Company, Inc.*, No. 23-cv-7853, 2024 WL 69089, at *2 (E.D.N.Y. Jan. 5, 2024) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)).

## DISCUSSION

### I.    Claims Related to Real Property and Foreclosure

Plaintiff asks this Court to give him "Full and Clear title of Deed," presumably to the property that was the subject of the Foreclosure Action, without providing justification.  Plaintiff alleges that he suffered an injury on November 26, 2013, the same day that the Foreclosure

Action was filed against Eliud Polanco.  *See* ECF No. 1 at 5.  However, Plaintiff has not alleged that he was subject to the Foreclosure Action nor that he had any legal interest in the Property.[7]

Because Plaintiff was not a party to the Foreclosure Action and had no apparent legal claim to the Property, he did not suffer an injury when a foreclosure judgment was entered against Eliud Polanco and the property was purchased by Himalayan.  *See Lennon v. Seaman*, 84 F. Supp. 2d 522, 526 n.4 (S.D.N.Y. 2000) (finding no injury where plaintiff was not party to the related action in question); *Delucia v. Deutsche Bank Trust Co.*, No. 23-cv-09211, 2024 WL 4766223, at *5 (E.D.N.Y. Nov. 13, 2024) ("Plaintiff was not party to the mortgage on the Property and never owned an interest in the Property, therefore, he did not suffer an injury in fact when the Bank initiated foreclosure proceedings.").  Without an injury, Plaintiff lacks standing and the Court lacks jurisdiction to hear his claims.  *See TransUnion*, 594 U.S. at 423.

Plaintiff further alleges that "Petitioner commenced a jurisdictionally barred holdover action" that "Respondent now moves to dismiss," *see* ECF No. 1 at 5, suggesting that he may be subject to eviction proceedings, *see Escalera v. NY Housing Auth.*, 924 F. Supp. 1323, 1330 (S.D.N.Y. 1996).  If a state court has already issued a judgment of eviction against Plaintiff, and Plaintiff's federal claims seek relief from injuries caused by that judgment, *Rooker-Feldman* would apply and divest the federal court of subject-matter jurisdiction over those claims, provided that state proceedings had fully concluded before the Complaint was filed.  *See Morris*

---

[7]    Even had Plaintiff made such allegations, he cannot challenge the state court foreclosure proceeding in this Court.  Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  In the foreclosure context, when a plaintiff asks the Court to "grant him title to his property because the foreclosure document was obtained fraudulently," the plaintiff is impermissibly asking the district court to review and reject that state court judgment. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

*v. Sheldon J. Rosen P.C.*, No. 11-cv-3556, 2012 WL 2564405, at *3–5 (E.D.N.Y. July 2, 2012) (*Rooker-Feldman* barred district court review of plaintiff's claims because the state court judgment of eviction caused the injury)*, aff'd sub nom. Morris v. Rosen*, 577 Fed. App'x 41 (2d Cir. 2014).  In any event, "federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."  *Galland v. Margules*, No. 05-cv-5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005).

Finally, with respect to Plaintiff's invocation of diversity jurisdiction, *see* ECF No. 1 at 19, although the amount in controversy of hundreds of millions of dollars well exceeds the $75,000 threshold on its face,[8] Plaintiff nevertheless fails to establish complete diversity of citizenship.  To satisfy the citizenship requirement for diversity jurisdiction purposes, "each defendant must be a citizen of a different state from each plaintiff."  *Golub v. Berdon LLP*, No. 19-cv-10309, 2023 WL 1993323, at *2 (S.D.N.Y. Feb. 14, 2023).  In the Complaint, Plaintiff alleges that he is a citizen of the "New York Republic."  ECF No. 1 at 19.  Elsewhere, however, Plaintiff indicates that his residential address is in Queens, New York.  ECF No. 1 at 2, 17.  Plaintiff's citizenship for purposes of diversity jurisdiction is, therefore, New York.  *See New York Packaging II, LLC v. Maierhoffer*, No. 23-cv-825, 2023 WL 5002760, at *2 (E.D.N.Y. Aug. 4, 2023) ("For diversity purposes, an individual's citizenship is determined by his domicile.").  Despite the instructions in the Complaint directing Plaintiff to provide citizenship

---

[8]     Although "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), seeking unreasonably high damages without justification can be grounds for dismissal, *see Franklin v. Carter*, 2025 WL 3282276, at *3 (S.D.N.Y. Nov. 25, 2025) (finding where *pro se* plaintiff "provide[d] no facts explaining the basis of his demand for $40 million in damages" amount in controversy was not met).  Despite Plaintiff's failure to explain the basis of his demand for "FINES PER CORPORATION [$]100,000,000.00 & PER AGENT [$]1,000,000.00," the Court may not dismiss on this basis unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[.]"  *St. Paul*, 303 U.S. at 288.

information for all Defendants, Plaintiff only alleges the citizenship of Driscoll and Himalayan, both of which are asserted to be citizens of New York.  *See* ECF No. 1 at 19–20.[9]  "[I]n a case with multiple defendants, if a single defendant is from the same state as the plaintiff, the [Court] loses diversity jurisdiction over the entire action."  *See Tutor Perini Bldg. Corp.*, 525 F. Supp. 3d at 496.  Here, because Plaintiff and multiple Defendants are citizens of New York, the Court "loses" diversity jurisdiction over Plaintiff's claims.  *See Thomas v. Westchester Cty.*, No. 12-cv-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) ("While [*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements."); *see also Peterson v. Tomaselli*, No. 02-cv-6325, 2004 WL 2211651, at *12 (S.D.N.Y. Sept. 30, 2004) ("Although *pro se* plaintiffs are entitled to liberal pleading standards, they cannot completely avoid the pleading requirements of the Federal Rules of Civil Procedure.").

For these reasons, Plaintiff's claims related to the Foreclosure Action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) while his eviction claim is dismissed with prejudice pursuant to the *Rooker-Feldman* doctrine.

---

[9]    Although Plaintiff fails to allege each Defendant's citizenship where prompted in the form Complaint, he nevertheless provides addresses for the Defendants.  Mock and Minamar are alleged to be residents of New York, while Wells Fargo is listed as residing in Louisiana.  *See* ECF No. 1 at 2–3, 18.  Nevertheless, this does not alter the Court's finding that it does not have diversity jurisdiction over Plaintiff's claims.  *See Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 496 (S.D.N.Y. 2021).

## II.      Civil Rights Claims

Plaintiff also asserts civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, but his only allegation is that, acting out of racial animus, unspecified Defendants violated his constitutional rights by subjecting him to "pretexts" for unspecified arrests.  *See* ECF No. 1 at 5.

To maintain a civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff must allege that he was "deprived . . . of rights, privileges, or immunities secured by the Constitution or laws of the United States" and that "the conduct complained of [was] committed by a person acting under color of state law."  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)*.*  Section 1983 liability does not generally extend to private parties unless there is a "sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Munin v. City of New York*, 760 F. Supp. 3d 28, 65–66 (S.D.N.Y. 2024); *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").  Plaintiff has not alleged that any of the Defendants, each of which appears to be a private entity, acted under color of state law, nor has he described any acts or omissions that violated his constitutional rights.  He therefore fails to state a plausible Section 1983 claim.

Plaintiff next alleges violations of 42 U.S.C. §§ 1985 and 1986, which concern conspiracies to interfere with civil rights.  Although Plaintiff does not specify, the Court construes the Complaint liberally and interprets this as a claim under Section 1985(3), as that statute governs conspiracies "for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws."  *Lopez v. Bay Shore Union Free School Dist.*, 668 F. Supp. 2d 406, 416 (E.D.N.Y. 2009).  Such a claim

must include allegations of "racial or other class-based discrimination." *White v. Frank*, 680 F. Supp. 629, 639 (S.D.N.Y. 1988). "Section 1986 imposes liability on an individual who has knowledge of discrimination prohibited under § 1985. Hence, a § 1986 claim is contingent on a valid § 1985 claim." *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

However, Plaintiff's allegations do not give rise to a valid claim under Section 1985 or 1986. Plaintiff's allegations that "Defendants acted out of racial animus" in denying his rights and "intentionally subjected him to repeated conspiratorial pretexts for arrests," ECF No. 1 at 5, are insufficient to state a claim under either statute. Plaintiff has not identified any arrests, provided any details about the so-called "conspiratorial pretexts for arrests," or included any facts showing that the Defendants were involved in any arrests or otherwise connected to the alleged violations of his constitutional rights. Nor does Plaintiff allege they were involved in a conspiracy to do so. Plaintiff's conclusory allegation of "conspiratorial pretexts" by unnamed parties who were not acting under the color of state law is insufficient to state a claim under 42 U.S.C. §§ 1985 or 1986. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'"); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[B]ecause a § 1986 claim must be predicated on a valid § 1985 claim, plaintiffs' § 1986 claim was properly dismissed [for lack of discriminatory racial animus] as well."); *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999) ("[A] plaintiff alleging a conspiracy under § 1985(3) must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.").

Plaintiff further alleges Defendants are liable under 42 U.S.C. § 1981 for their "intentional acts and omissions" that caused him to suffer severe emotional distress and physical injuries, among other injuries.  ECF No. 1 at 5.  Section 1981 "prohibits racial discrimination in the enjoyment of all benefits, privileges, terms, and conditions of [a] contractual relationship." *Philip v. Gtech Corp.*, No. 14-cv-9261, 2016 WL 3959729, at *9 (S.D.N.Y. July 20, 2016).  To plead a claim under Section 1981, a plaintiff must allege that (i) they are a member of a racial minority; (ii) the defendant intended to discriminate based on plaintiff's race; and (iii) that the discrimination concerned activities enumerated in the statute.  *Odom v. Columbia Univ.*, 906 F. Supp. 188, 194 (S.D.N.Y. 1995).  Plaintiff has not alleged that he is a member of a racial minority nor that any of the Defendants discriminated against him due to his race in an effort to impair his ability to engage in or enforce contractual relationships.  *See id.*; *see also Reyes v. Erickson*, 238 F. Supp. 2d 632, 638 (S.D.N.Y. 2003) ("[N]aked assertions by plaintiffs that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory.").  Regardless, where, as here, a plaintiff fails to allege the existence of any contractual relationship with a defendant, Plaintiff fails to state a cognizable claim under Section 1981.  *See Burrell v. AT&T Corp.*, No. 03-cv-2490, 2005 WL 2656124, at *3 (S.D.N.Y. Oct. 18, 2005).

For these reasons, Plaintiff's claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Leave to Amend

Plaintiff does not seek leave to amend.  Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" if the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a

11

claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). Here, the Court denies leave to amend because it would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *see also Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend] that was not made.").

Because the Court lacks subject matter jurisdiction over Plaintiff's property-related claims, leave to amend would be futile. *See Rosales v. U.S. Postal Services*, No. 10-cv-2431, 2010 WL 2653381, at *4 (E.D.N.Y. June 22, 2010). As to Plaintiff's Section 1983 claim, amendment would also be futile because it is "indisputable that [Defendants] are not state actors. *Yourman v. Columbia NY Presbyterian Hosp.*, No. 24-cv-6286, 2026 WL 690502, at *6 (S.D.N.Y. Jan. 16, 2026). Amendment of the claims under Sections 1985 and 1986 would also be futile as "[t]here is no suggestion in the Complaint that there is a conspiracy, much less one that was motivated by racial or otherwise class-based invidious discriminatory animus." *Frascatore v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Matewan Ventures Tr. Series 2018-1*, No. 22-cv-00212, 2022 WL 16716169, at *13 (D. Conn. Nov. 4, 2022). The Court denies leave to amend the Section 1981 claim because "repleading would not change the fundamental deficiencies[.]" *Gov't Emps. Ins. Co. v. Active Med. Care, P.C.*, No. 24-cv-995, 2024 WL 4790169, at *7 (E.D.N.Y. Nov. 14, 2024); *see also Zoll v. Jordache Enters., Inc.*, No. 01-cv-1339, 2001 WL 1550943, at *1 (S.D.N.Y. Dec. 5, 2001) ("If amending the complaint would be

futile because, for example, the amendment would not survive a motion to dismiss, then leave to amend should be denied.") (citing *Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir. 1995)).

**IV.     Warning About Fake Citations**

Plaintiff cites a fictitious case, "Moore v. Alliance Credit Union," which he falsely claims was decided by the United States Supreme Court on January 14, 2025, and "addressed the legality of mortgage loans based on fiat currency and its implications on constitutional rights." ECF No. 1 at 4.  He claims, falsely, that the Supreme Court held that "foreclosure proceedings based on a mortgage loan derived from fiat currency were deemed to violate Zachary Moore's constitutional rights under the Fifth, Thirteenth, and Fourteenth Amendments." *Id.*

The Second Circuit has explained that a party's attempt to persuade a court or oppose an adversary by relying on non-existent precedent "is an abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law.").  Indeed, courts swiftly sanction attorneys who engage in this abusive practice.  *See, e.g, Ramirez v. Humala*, No. 24-cv-242, 2025 WL 1384161, at *2 (E.D.N.Y. May 13, 2025) (collecting cases).

 "[A]lthough courts make some allowances for a *pro se* Plaintiff's failure to cite to proper legal authority, courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." *Dukuray v. Experian Info. Sols.*, No. 23-cv-9043, 2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024), *report and recommendation adopted,* No. 23-cv-9043, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).  "Quite obviously, many harms flow from such deception—

13

including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few)." *Id.*

The Court warns Plaintiff that any further filings with citations to nonexistent legal authority may result in sanctions, including his submissions being stricken, filing restrictions, imposition of monetary penalties, and/or dismissal.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED.  Plaintiff's claim relating to the deed to the Property is dismissed without prejudice for lack of standing and failure to allege complete diversity. Plaintiff's eviction-related claim is dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine.  The claims alleging civil rights violations are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address provided, note the mailing on the docket, enter judgment consistent with this Order, and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
    HECTOR GONZALEZ
    United States District Judge

Dated: Brooklyn, New York
       May 27, 2026

14